07-02158

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 Under the Pooling and Servicing Agreement Dated as of October 1, 2005, without recourse<br><br>      Plaintiff<br><br>      -vs-<br><br>Alden Nelson and Jaqueline Nelson aka Jackie Nelson, et al.<br><br>      Defendant(s) | CASE NO. 1:07-cv-00960<br><br>JUDGE BOYKO<br><br><br><br><br><br><br><br>**JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's Motion for Default Judgment. The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 6 in the Brooklyn Park Allotment of part of Original Brooklyn Township Lot No. 57 as shown by the recorded in Volume 21 of Maps, Page 15 of Cuyahoga County Records and being 40 feet front on the Northerly side of Memphis Avenue (Formerly Linndale Road) and extending back between parallel lines 120 feet, as appears by said plat, be the same more or less, but subject to all legal highways.
And also being that portion of vacated Clybourne Court S.W. lying adjacent to the above described Sublot No. 6 as shown on the recorded plat in Volume 305 of Maps, Page 65 of Cuyahoga County Records, be the same more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Alden Nelson and Jaqueline Nelson aka Jackie Nelson have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Sheetal Jain and Parul Jain are not necessary to these proceedings and are hereby dismissed.

The Court finds that Alden Nelson and Jaqueline Nelson aka Jackie Nelson executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Alden Nelson and Jaqueline Nelson aka Jackie Nelson executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $75,237.87 plus interest on the principal amount at the rate of 7.95% per annum from November 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the

Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Alden Nelson and Jaqueline Nelson aka Jackie Nelson.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution in accordance with the provisions of Amended General Order 2006-16, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: July 5, 2007

s/Christopher A. Boyko
Judge Christopher A. Boyko
UNITED STATES DISTRICT JUDGE

Approved:

THE LAW OFFICES OF
JOHN D. CLUNK CO., LPA

/s/ Kristi L. Brown
Kristi L. Brown #0081366
Attorneys for Plaintiff
5601 Hudson Drive
Hudson, Ohio 44236
(330) 342-8203 - telephone
(330) 342-8205 - facsimile
requests@johndclunk.com